IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

IN RE:   GRAND JURY PROCEEDINGS:   )   02: 06mc0015
         CLARON LEVI HANNER         )   **UNDER SEAL**

**MEMORANDUM OPINION AND ORDER OF COURT**

Before the Court for disposition is the MOTION FOR RECONSIDERATION and SUPPLEMENTAL ARGUMENT IN SUPPORT OF MOTION FOR RECONSIDERATION filed by the Movant, Claron Levi Hanner ("Hanner"), and the Response in opposition filed by the government.

For the reasons that follow, the Motion for Reconsideration, and the request that a hearing be scheduled, will be denied.

### BACKGROUND

As the factual and procedural history of this matter are both well known to the parties, the Court will not repeat them here other than to note the disposition of the Order of Court, filed January 17, 2006, which forms the basis of Hanner's Motion for Reconsideration. In that Order, the Court denied Hanner's Motion to Quash Grand Jury Subpoena. On or about January 6, 2006, Hanner, through counsel, was served with a grand jury subpoena to provide handwriting exemplars, major case prints and photographs. In support of his motion to quash, Hanner made three arguments:

(i) he had reason to "believe that any evidence resulting from compliance with the grand jury will be shared with state and local law enforcement to be used in [a pending] state prosecution [against him];"

(ii) his compliance with the subpoena may reasonably be viewed as 'oppressive' because he is facing the death penalty in the state pending case; and

(iii) he had signed and dated arraignment papers in two pending federal cases filed in the Western District of Pennsylvania, which made the request for handwriting examplars unnecessary.

The government filed a comprehensive response with an attached affidavit which explained the need to obtain the handwriting exemplars and other items from Hanner. Significantly, the affidavit stated that "[w]hile there are murder charges pending against Hanner in the state court, the government has no intention of providing the handwriting exemplars, fingerprints or photographs to state authorities to further their case." Affidavit of Tina O. Miller, Assistant U.S. Attorney, at ¶ 6.

On January 17, 2006, the Court denied the Motion to Quash and found that there was a legitimate basis for the grand jury subpoena, that the subpoena did not appear to be oppressive in nature, and that the government had represented that the handwriting exemplars, major case prints, and photographs would not be provided to state authorities.

The next day, January 18, 2006, Hanner filed the instant Motion for Reconsideration. The matter has been fully briefed by the parties and is ripe for disposition.

### STANDARD OF REVIEW

Hanner appears to be asking the Court to apply Federal Rule of Civil Procedure 60(b)(6), which allows a court to grant relief for "any other reason justifying relief . . ." Our appellate court has instructed that the remedy provided by Rule 60(b)(6) is "extraordinary, and

special circumstances must justify granting relief under it." *Page v. Schweiker*, 786 F.2d 150, 158 (3rd Cir. 1986). "The purpose of a motion for reconsideration . . . is to correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (*quoting Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985), *cert. denied,* 476 U.S. 1171 (1986)). Accordingly, an order or judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)).

"A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." *Abu-Jamal v. Horn,* No. CIV. A. 99-5089, 2001 WL 1609761, at *9 (E.D. Pa. 2001) (citations and internal quotation marks omitted); *see also Ogden v. Keystone Residence*, 226 F. Supp.2d 588, 606 (M.D. Pa. 2002). Further, " '[a] motion for reconsideration is not an opportunity for a party to present previously available evidence or new arguments'." *Federico v. Charterers Mut. Assurance Ass'n Lit*., 158 F. Supp. 2d 565, 578 (E.D. Pa. 2001).

The Court notes that Hanner raises a completely new argument in his Supplemental Argument in Support of Motion for Reconsideration, *to wit*: that the subpoena violates his substantive and procedural Due Process rights as guaranteed by the Fifth Amendment to the United States Constitution. While a new argument generally should not be entertained in a

motion for reconsideration, the Court will not follow the general rule and summarily dismiss the argument, but rather will address it.

## DISCUSSION

Hanner presents two arguments in support of his motion for reconsideration: (i) that the handwriting exemplar will be shared with state authorities, which argument was previously addressed and rejected by the Court; and (ii) that the grand jury subpoena violates his substantive and procedural Due Process rights as guaranteed by the Fifth Amendment to the United States Constitution. Hanner's arguments will be addressed seriatim.

Hanner again argues that he believes that "the result of the exemplar, . . ., will be shared with local law enforcement in the pending capital case in Beaver County, Pennsylvania." Hanner acknowledges that the government has represented that it has no intention of sharing the information, but continues to argue that "the natural consequence of the exemplar will aid state authorities." Mot. at ¶ 6. The government maintains that "it has no intention of providing the handwriting exemplars to state authorities to further their case." Furthermore, as the government points out "the handwriting exemplar is protected by secrecy provisions Rule 6 of the Federal Rules of Criminal Procedure. Only an Order from this Court would allow any sharing of the handwriting exemplar with the state prosecutor, which again, the government has no intention of doing." The Court finds that there is no reason to assume or find that the government will not act in accordance with its representation. Therefore, the Court finds and rules that Hanner's first argument is without merit.

Hanner's second argument relates to the Due Process Clause of the Fifth Amendment. In a novel argument, Hanner contends that "[t]o compel a defendant in a pending

capital case to participate in a handwriting exemplar for comparison to a letter which will be used as evidence in the pending case is to compel him to participate in a chain of events likely to effectuate his own death.  Such conduct violates a fundamental principle rooted in our tradition that the state cannot compel a person to cause or **volitionally** participate in his own death.  Because no amount of 'safeguards' could possibly insure the fairness of such a procedure, substantive Due Process is violated. "  Supp. Argument at 3.  Further, Hanner argues that "in light of the unique circumstances in this case, enforcement of the subpoena would potentially force a person to volitionally join in his own demise, 'shocks the conscience' and violates Due Process of law." *Id.* at 3-4.

The Court finds that this argument also is without merit.  First, it is important to recognize that the handwriting exemplars are not being requested in a <u>pending</u> federal case.  Rather, Hanner is the subject of a federal grand jury <u>investigation</u>, which may or may not involve the death penalty.

Next, Hanner seems to argue that because he is potentially facing the death penalty, he should not be compelled to comply with the subpoena.  However, Hanner has not proffered, nor has the Court found through its own independent research, any authority to support this proposition.  It seems highly unlikely that because the government investigates a case that may potentially involve the death penalty, it should lose the ability to obtain evidence that it otherwise could routinely obtain.

This Court notes that "the compulsion of handwriting exemplars has been the subject of far less protection that the compulsion of testimony and documents." *United States v. Euge*, 444 U.S. 707, 887 (1980).  The United States Supreme Court has held that compulsion of

5

handwriting exemplars is neither a search or seizure subject to Fourth Amendment protections, *United States v. Mara*, 410 U.S. 19 (1973), nor testimonial evidence protected by the Fifth Amendment privilege against self-incrimination. *Gilbert v. California,* 388 U.S. 263 (1967).

Lastly, the Court finds that Hanner's reliance on *Rochin v. California*, 342 U.S. 165 (1952), is misplaced. In *Rochin*, the defendant was compelled to have his stomach pumped after police saw him swallow what appeared to be illicit capsules. In the matter sub judice, the procedure for obtaining a handwriting exemplar is benign and scientifically controlled. Therefore, the Court finds and rules that obtaining a handwriting exemplar would not "shock the conscience" or be violative of due process, even in light of the "unique circumstances in this case."

As stated supra, the remedy provided by Rule 60(b)(6) is "extraordinary and special circumstances must justify granting relief under it." *Page,* 786 F.2d at 158. After careful examination of the record in this case, the filings of the parties, and the applicable case law, the Court does not find that "extraordinary and special circumstances" exist in this matter to warrant granting the Motion for Reconsideration.

**AND NOW,** this 2nd day of February, 2006, is it hereby **ORDERED** that the Motion for Reconsideration filed by Claron Levi Hanner is **DENIED.**

BY THE COURT:

s/Terrence F. McVerry
United States District Court Judge

cc: Tina O. Miller,
Assistant U.S. Attorney
Email: tina.o.miller@usdoj.gov

Caroline M. Roberto, Esquire
Email: croberto@choiceonemail.com